IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL J. DOBER, | |
| Petitioner, | 8:19CV514 |
| vs. | |
| TODD WASMER, Warden of the Tecumseh State Correctional Institution; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on initial review of Petitioner Daniel J. Dober's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254.[1] The court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

---

[1] While the caption states the petition is one pursuant to 28 U.S.C. § 2241, the body of the petition states that it is brought pursuant to 28 U.S.C. § 2254 and Petitioner alleges he is in custody pursuant to a conviction and sentence from the District Court of Douglas County, Nebraska. (Filing No. 1 at CM/ECF p. 1.) Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the court docketed this case as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as it is clearly the appropriate and exclusive avenue for Petitioner to challenge his state conviction and sentence. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (Section 2254 and its provisions take precedence over Section 2241 because it is the more specific statute); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003) (same); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir. 2001) (same).

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or

successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.*

This court's records reflect that Dober's petition is successive. He challenges his 2006 conviction in the District Court of Douglas County, Nebraska for murder in the second degree and use of a deadly weapon to commit a felony. Dober unsuccessfully challenged this same conviction in earlier federal habeas corpus litigation. *See Dober v. Houston, et al.*, Case No. 8:08CV182 (D.Neb.) (Filing No. 21, July 29, 2008 Memorandum and Order dismissing petition with prejudice as claims were procedurally defaulted without excuse). Thus, Dober would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that the habeas corpus petition ([filing no. 1](#)) is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued in this matter. The court will enter judgment by separate document.

Dated this 18th day of May, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
